O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERESA VILLALPANDO,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 8:16-CV-00056 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In June of 2012, Plaintiff Teresa Villalpando applied for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Lawrence D. Rohlfing, Steven G. Rosales, Esq., of counsel, commenced this action seeking judicial review

of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On September 7, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for benefits on June 4, 2012, alleging disability beginning February 1, 2010. (T at 145-46, 147-56).[1]  The applications were denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On May 22, 2014, a hearing was held before ALJ Sharilyn Hopson. (T at 25). Plaintiff appeared with her attorney and testified. (T at 30-34, 41-45).  The ALJ also received testimony from Dr. Arnold Ostrow, a medical expert (T at 36-41), and from Alan Ey, a vocational expert. (T at 48-50).

On August 11, 2014, the ALJ issued a written decision denying the applications for benefits.  (T at 6-24).   The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

Commissioner's final decision on November 18, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On January 15, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on April 4, 2016. (Docket No. 14). Plaintiff filed a supporting memorandum of law on August 4, 2016 (Docket No. 24). The Commissioner filed an opposing memorandum of law on August 31, 2016. (Docket No. 25).

After reviewing the pleadings, memoranda, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be

disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2010, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2016 (the "date last insured"). (T at 11).

The ALJ found that Plaintiff's fibromyalgia, rheumatoid arthritis, lumbar discogenic disease, post-surgery ganglion cyst on left wrist, bilateral carpal tunnel

syndrome, osteoarthritis of bilateral hands, depression, and anxiety were "severe" impairments under the Act. (T at 11).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 11-12).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b), as follows: she can lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk 2 hours in an 8-hour workday; sit 6 hours in an 8-hour workday with the ability to stand and stretch every hour for 1-3 minutes; perform frequent fine and gross manipulation bilaterally; occasional use of foot pedals bilaterally; occasional bending, stooping, kneeling, and climbing stairs; no crawling; no ladders, ropes or scaffolds; no work at unprotected heights or around moving and dangerous machinery; and no forceful gripping, grasping, or twisting bilaterally.  In addition, the ALJ found that Plaintiff was limited to simple routine tasks, with only peripheral public contact, at a low stress job with only occasional decision-making and changes in the work setting. (T at 13).

The ALJ found that Plaintiff was unable to perform her past relevant work as a sales clerk or printed circuit board assembler. (T at 18). However, considering

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

Plaintiff's age (49 years old on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 18).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between February 1, 2010 (the alleged onset date) and August 11, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 19). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D.      Disputed Issue**

Plaintiff asserts a single challenge to the denial of benefits.  Plaintiff argues that the ALJ's step five analysis was flawed.


## IV. ANALYSIS

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform substantial gainful activity other than her past relevant work and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  In other words, if a claimant cannot return to his previous job, the

Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In the instant case, the ALJ determined, *inter alia*, that Plaintiff would need a job that afforded her the ability to stand and stretch every hour for 1-3 minutes. (T at 13). The ALJ included this limitation in the hypothetical presented to Alan Ey, the vocational expert. (T at 48). Mr. Ey testified that a hypothetical claimant with the limitations provided by the ALJ could not perform Plaintiff's past relevant work, but could perform two other jobs that exist in the national economy – assembler of electrical accessories and assembler of small products. (T at 49). The ALJ relied on

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

1  the vocational expert's testimony and concluded, at step five of the sequential

2  evaluation, that there are jobs that exist in significant numbers in the national

3  economy that Plaintiff can perform. (T at 18-19).

4       Plaintiff challenges the ALJ's reliance on the vocational expert opinion,

5  arguing that the ALJ was obliged to resolve a conflict between the vocational

6  expert's testimony and the *Dictionary of Occupational Titles* ("DOT").[2]

7       It is well-settled that the ALJ has a duty to inquire about "any possible

8  conflict" between the vocational expert's testimony and the DOT.  *See* SSR 00-4p;

9  *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).  If there is such a

10  conflict, the ALJ may accept the vocational expert's testimony only if there is

11  "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840,

12  846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.

13  1995)).

14       Cases involving the need for a "sit/stand" option are complicated by the fact

15  that the DOT does not address the subject.  *See Wester v. Colvin*, No. 14-1212, 2015

16  U.S. Dist. LEXIS 100542, 2015 WL 4608139, at *4 (C.D. Cal. July 31, 2015) ("The

17

18  [2] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

19

20

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

1    DOT provides no information regarding the availability of a sit/stand option or other

2    need to shift positions between sitting and standing during the workday for any of

3    the jobs it covers."). As such, the question presented is whether the vocational

4    expert's testimony that a hypothetical claimant could perform certain jobs even

5    though she needs a sit/stand option "conflicts" with the DOT, which is silent on the

6    subject.

7         There is no controlling Ninth Circuit authority on point and the courts are

8    divided. *Compare Buckner-Larkin v. Astrue*, 450 F. App'x 626, 628-29 (9th Cir.

9    2011)(unpublished)(holding that vocational expert adequately addressed "conflict"

10   between at-will sit/stand option and DOT), *Lorigo v. Colvin*, No. 13-cv-0045, 2014

11   U.S. Dist. LEXIS 54418 (E.D. Cal. Apr. 18, 2014)(holding that VE's testimony

12   "encapsulat[ing] a sit/stand option automatically deviated from the DOT"),

13   *Valenzuela v. Astrue*, No. C 08-04001 WHA, 2009 U.S. Dist. LEXIS 46249 (N.D.

14   Cal. June 2, 2009)(finding "potential[]" conflict between sit/stand requirement and

15   VE's testimony and remanding because ALJ did not ask whether VE's testimony was

16   consistent with DOT); *with Dewey v. Colvin*, No. 13-36086, 2016 U.S. App. LEXIS

17   9655 (9th Cir. May 26, 2016)(unpublished)(finding "no conflict" because "the DOT

18   is silent on whether the jobs in question allow for a sit/stand option"); *Gilmour v.*

19   *Colvin*, No. 1:13-cv-0553 BAM, 2014 U.S. Dist. LEXIS 103891, 2014 WL

20

3749458, at *8 (E.D. Cal. July 29, 2014)(finding no conflict regarding sit/stand requirement given DOT's silence); *Aguilar v. Colvin*, No. ED CV 15-00576-DFM, 2016 U.S. Dist. LEXIS 123501 *5 (C.D. Cal. Sept. 12, 2016)(same).

This Court agrees with the decisions (including the most recent unpublished decision from the Ninth Circuit) finding that there can be no conflict between the vocational expert's testimony and the DOT where, as here, the DOT is silent on the subject in question. *See e.g.*, *Dewey*, 2016 U.S. App. LEXIS 9655; *Doty v. Colvin*, No. CV 15-00507, 2016 U.S. Dist. LEXIS 35618, at *15 (C.D. Cal. Mar. 18, 2016) (collecting cases and "agree[ing] with the decisions from other circuits and district courts that have found no conflict when the DOT is silent about a particular mental or physical requirement"); *Strain v. Colvin*, CV 13-01973, 2014 U.S. Dist. LEXIS 76395 at *5 (C.D. Cal. June 2, 2014)("Because the DOT does not address the subject of sit/stand option, it is not apparent that the testimony of the VE conflicts with the DOT. Furthermore, the VE's testimony based on the sit/stand restriction does not conflict with the DOT but instead provides 'more specific information than is contained in the DOT . . . .'")(citation omitted).

Moreover, even if there was such a conflict, the ALJ in the present case provided adequate support for his determination.  Plaintiff raises no challenge to the credentials or expertise of Mr. Ey, who has a master's degree in rehabilitation

counseling, practiced in the field of vocational rehabilitation for more than three decades, and has served as a vocational expert since 1997. (T at 46).  The ALJ asked Mr. Ey to testify according to the DOT and explain when/if his testimony varied from the DOT. (T at 47).

When discussing the work the hypothetical claimant could perform, Mr. Ey explained that he had reduced (or "eroded") his estimate of the number of available positions to account for "the reduced standing/walking" requirement. (T at 49).  In other words, when determining whether the jobs in question existed in significant numbers in the national economy, the vocational expert accounted for the sit/stand option, and concluded that such jobs did exist in significant numbers, notwithstanding that limitation. (T at 49).

Thus, to the extent any arguable conflict existed between the vocational expert's testimony and the DOT, that conflict was adequately addressed by the ALJ. *See Bowen v. Colvin*, No. 2:14-cv2015, 2015 U.S. Dist. LEXIS 119414, at *11-12 (E.D. Cal. Sept. 8, 2015) ("A number of courts have found that where the VE has reduced the number of available jobs to account for the sit/stand option, any error stemming from such testimony is rendered harmless.").

The ALJ's decision is accordingly affirmed.

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 21st day of November, 2016,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – VILLALPANDO v COLVIN 8:16-CV-00056-VEB